```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,            :
                                                          :
           -v-                            :          1:15-cr-540-GHW
                                                          :
WILLIAM ALVA HEMMING,            :          ORDER
                                                          :
                          Defendant.   :
                                                        :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On June 20, 2017, the defendant was sentenced principally to a term of imprisonment of 135 months following his plea of guilty to a violation of 18 U.S.C. § 2423(b)—a charge resulting from serial sexual assaults on his 15 year old daughter. At the time of his sentencing, the defendant's sentencing guidelines range was 121 to 151 months' imprisonment, based on an offense level of 29 and a criminal history category of IV. The Bureau of Prisons projects that the defendant will be released from prison on January 30, 2026.

On April 17, 2024, the defendant filed a pro se motion to reduce his sentence as a result of Amendment 821 to the United States Sentencing Guidelines Manual. Dkt. No. 69. In a May 21, 2024 order, the Court noted that the Probation Department had determined that the defendant appeared to be eligible for an adjustment of his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines. Dkt. No. 70. In that order, the Court noted that the Federal Defenders Office had been appointed to represent the defendant in this matter, and directed that the United States and the defendant file submissions regarding whether a reduction in the defendant's sentence was appropriate.

Later the same day, on May 21, 2024, the Federal Defenders Office requested that the Court

terminate it as counsel for Mr. Hemming, and replace it with Sabrina Shroff. Dkt. No. 71. Ms Shroff had represented Mr. Hemming previously while employed at the Federal Defenders' Office. Ms. Shroff left that office to go into private practice and was a member of the Court's CJA panel. Because of her familiarity with the case, the Federal Defenders' Office requested that the Court appoint Ms. Shroff to represent Mr. Hemming with respect to his motion under Amendment 821. *Id.* The Court granted the request the same day. *Id.*

On May 22, 2024, Ms. Shroff requested that the Court schedule any counseled motion to be due in approximately 45 days. Dkt. No. 72. The Court granted the request by order dated May 23, 2024, and ordered that any counseled motion be filed no later than July 12, 2024. Dkt. No. 75. No motion was filed by that date. Instead, over two weeks later on August 2, 2024, the Government wrote the Court stating that the Government had conferred with defense counsel who retroactively was requesting an additional 30 days to file the counseled motion—until September 2, 2024. Dkt. No. 76. The Government wrote that "[s]hould defense counsel decline to file a submission, per the Court's schedule, the Government intends to file a response to the defense's *pro se* motion two weeks after the filing deadline." *Id.* The Court granted the request later the same day, extending defense counsel's deadline to file a submission to September 2, 2024, and the Government's reply date to September 16, 2024. Dkt. No. 77.

The defendant's September 2, 2024 deadline to file a counseled motion came and went, but on September 16, 2024, the Government filed its response to the defendant's *pro se* motion. Dkt. No. 78 ("Opposition"). In its Opposition, the Government contended that Mr. Hemming's application should be denied for many reasons. First, the Government emphasized the troubling nature of Mr. Hemming's crimes—in particular, his efforts to groom his minor daughter, his separation of her from other family members, and his repeated rapes. Opposition at 2-3. Second, the Government highlighted the fact that the Court's sentence fell within the stipulated guidelines

2

range agreed to by Mr. Hemming in his plea agreement of 108 to 135 months. *Id.* at 4. The Government pointed out that the plea agreement contained a waiver of the defendant's right to seek a sentence modification pursuant of any sentence within that stipulated guidelines range. *Id.* Third, the Government observed that Mr. Hemming has a poor track record from his time in prison. Over the last six years, Mr. Hemming has received 11 disciplinary sanctions for "among other things, fighting, bribing an official, destroying property, refusing his work assignment, phone abuse, possessing alcohol and intoxicants, and being unsanitary." *Id.* at 6. And finally, the Government highlighted that the changes to the guidelines range as a result of Amendment 821 reduced his guidelines level to 108-135 months—the range that the parties agreed to in their plea agreement and within which the Court's sentence fell. *Id.*

Two days after the Opposition appeared on the docket, Ms. Shroff wrote the Court to request another extension of the deadline for any supplemental counseled submission in support of the motion. Dkt. No. 79. Counsel requested another 45 days to respond to the Government's Opposition. *Id.* The Court granted counsel's request in an order dated September 19, 2024, and extended the deadline for her submission to December 3, 2024. Dkt. No. 80. After observing the prior extensions and missed deadlines, however, the Court wrote the following: "No further extensions will be granted. The Court will consider the motion to be fully submitted on December 4, 2024 and will resolve the motion on the current record if no supplemental submission has been filed by the defendant on or prior to December 3, 2024." *Id.* It is October 5, 2024, and no supplemental submission has been filed by the defendant.

The Court finds that the defendant is eligible for a sentence reduction and adopts the calculations of the defendant's Guidelines range giving effect to Amendment 821 as described in the Supplemental Presentence Report filed by the Probation Department. Dkt. No. 68. As set forth there, because of Amendment 821, the defendant's criminal history category is III, rather than IV,

and his guidelines range is 108 to 135 months, rather than 121 to 151 months.

Having considered the record in this case and the parties' submissions, it is ORDERED that the defendant's motion for a reduction of sentence is denied for the following reasons. At sentencing, the Court adhered to the parsimony clause of 18 U.S.C. § 3553(a) and imposed the lowest sentence that it believed to be appropriate based on its review of all of the sentencing factors. The Court considered the guidelines range, but the guidelines range by itself did not drive the Court's sentence.

Many other factors drove the Court's sentencing decision, including the need to impose a just punishment given the serious nature of the offense. A lesser sentence for Mr. Hemming's criminal conduct would not be just given the serious nature of his crime. The need to ensure personal deterrence was and remains a substantial factor, given the serious nature of the crime, and the defendant's criminal history. That criminal history was substantial: while not all yielded criminal history points, Mr. Hemming had 24 criminal convictions at the time of his sentencing, which, as the Court stated at sentencing "help paint the picture of a person who has not been able, effectively, to control himself and develop a stable, legitimate life on his own." Dkt. No. 58 ("Tr.") at 42:8-10. As the Court stated at sentencing

> I will be very frank. I am very concerned that Mr. Hemming will or may return to further criminal acts. That said, I strongly hope that he will be able to, with the support of the probation office and other supports, that he will be able to avoid it but I'm concerned, given his history, that this is a risk. In particular, I point to the extensive criminal history that I just described and his unstable past and challenging mental health issues. . . . In sum, I think that there is a significant need to protect the public from future crimes by Mr. Hemming. And I certainly think that his victim should be protected from him.

Tr. At 42:18-43:6. The need for personal deterrence and general deterrence in this case has not lessened since the date of sentencing. The defendant's lengthy disciplinary history while in prison, unfortunately, only reemphasizes the need for the defendant's continued detention in order to achieve the goals of sentencing.

Moreover, as the Government notes, the sentence initially imposed by the Court fell within the amended sentencing Guidelines range, to which the parties had stipulated prior to sentencing.

In sum, notwithstanding the modification to the guidelines range applicable to the defendant as a result of Amendment 821, after reviewing the factors under 18 U.S.C. § 3553(a), the Court does not believe that a reduction in his sentence is appropriate.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 69 and to mail a copy of this order and the order docketed at Dkt. No. to Mr. Hemming.

SO ORDERED.

Dated: December 5, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge